UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GARY W. WYATT and

DOV FRISHBERG

On behalf of themselves and on
behalf of all others similarly situated,

      Plaintiffs,

  - against -

PRICEWATERHOUSECOOPERS LLP,

RETIREMENT PLAN FOR EMPLOYEES
OF PRICEWATERHOUSECOOPERS LLP,

and

RETIREMENT BENEFIT ACCUMULATION
PLAN FOR EMPLOYEES OF
PRICEWATERHOUSECOOPERS LLP,

      Defendants.
-------------------------------------------------------------X

Case No.:

ECF case

Class Action Complaint



07 CIV 7249

JUDGE BAER

RECEIVED
AUG 1 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## CLASS ACTION COMPLAINT

**Nature of Action**

  1. This is an action brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

  2. Plaintiffs are former employees of both Coopers & Lybrand LLP ("C&L") and Price Waterhouse LLP ("PW") who rendered service for each employer prior to their merger in July 1998 to form PricewaterhouseCoopers LLP ("PwC"). Plaintiffs accrued pension benefits under C&L's and PW's respective pension plans but PwC and the two plans (the

three defendants named herein) deemed their benefits forfeited due to Plaintiffs' failure to satisfy the 5 year vesting schedule of either plan. However, since C&L and PW merged on July 1, 1998, PwC has maintained both pension plans under which Plaintiffs accrued benefits and PwC is the successor to both C&L and PW.

3. ERISA and the Internal Revenue Code ("IRC") both provide, for purposes of Part 2 of Title I of ERISA ("Participation and Vesting"), that "[i]n any case in which the employer maintains a plan of a predecessor employer, service for such predecessor will be treated as service for the employer." ERISA § 210(b)(1), 29 U.S.C. § 1060(b)(1), IRC § 414(a)(1).

4. Nevertheless, in violation of ERISA § 210(b)(1), 29 U.S.C. § 1060(b)(1), Defendants do not recognize Plaintiffs' service for C&L or their service for PW as service for PwC. This has caused Plaintiffs and other similarly situated to forfeit nonforfeitable accrued benefits in violation of, among other things, ERISA § 203(a) and 29 U.S.C. § 1053(a).

**The Parties**

5. Plaintiff Gary W. Wyatt, age 55, is a former employee of both C&L and PW.

6. Mr. Wyatt is a participant within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7) in the Coopers & Lybrand LLP Retirement Plan (EIN: 13-5218870; Plan: 001) ("C&L Retirement Plan"). The C&L Retirement Plan is now known as the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP (the "PwC RBAP") (EIN: 13-4008324; Plan: 002).

7. Mr. Wyatt is also a participant within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7) in the Retirement Plan for Employees of Price Waterhouse LLP (EIN: 13-5326270,

Plan: 001) ("PW Retirement Plan").  The PW Retirement Plan is now known as the Retirement Plan for Employees of PricewaterhouseCoopers LLP (EIN:  13-4008324; Plan: 001) ("PwC Retirement Plan").

8. Plaintiff Dov Frishberg, age 59, is and was throughout the relevant time a resident of this District.  Like Mr. Wyatt, Dr. Frishberg is a former employee of both C&L and PW and a participant within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7) in both the PwC RBAP and the PwC Retirement Plan, both in their own right and as successors in interest to the C&L Retirement Plan and the PW Retirement Plan, respectively.

9. Defendant PricewaterhouseCoopers LLP ("PwC") is a Delaware limited liability partnership with headquarters at 300 Madison Avenue, New York, New York 10017-6204.  PwC is the successor to Coopers & Lybrand LLP and Price Waterhouse LLP, which merged in July 1998 to create PwC.

10. PwC is the sponsor, within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B), of the PwC RBAP and the PwC Retirement Plan, both in their own right and as successors in interest to the C&L Retirement Plan and the PW Retirement Plan, respectively

11. PwC maintains, within the meaning of ERISA § 210(b)(1), 29 U.S.C. § 1060(b)(1), IRC § 414(a)(1), the PwC RBAP and the PwC Retirement Plan, both in their own right and as successors in interest to the C&L Retirement Plan and the PW Retirement Plan, respectively.

12. Defendant PwC Retirement Plan is an "employee pension benefit plan," and more specifically a "defined benefit plan," within the meaning of ERISA §§ 3(2)(A) and

3(35), 29 U.S.C. §§ 1002(2)(A) and 1002(35) and IRC § 414(j), and a "pension plan" within the meaning of IRC § 401(a) and Treasury Regulation ("Treas. Reg.") § 1.401-1(b)(1)(i).

13. The PwC Retirement Plan is the successor in interest to the PW Retirement Plan. As regards PwC, the PwC Retirement Plan, as successor in interest to the PW Retirement Plan, is, among other things, a plan of predecessor employer PW.

14. Defendant PwC RBAP is an "employee pension benefit plan," and more specifically a "defined benefit plan," within the meaning of ERISA §§ 3(2)(A) and 3(35), 29 U.S.C. §§ 1002(2)(A) and 1002(35) and IRC § 414(j), and a "pension plan" within the meaning of IRC § 401(a) and Treas. Reg. § 1.401-1(b)(1)(i).

15. The PwC RBAP is the successor in interest to the C&L Retirement Plan. As regards PwC, the PwC RBAP, as successor in interest to the C&L Retirement Plan, is, among other things, a plan of predecessor employer C&L.

16. "Defendants" refers to all or any Defendants or, as the case may be, their partners, agents, administrators, fiduciaries, employees, attorneys or representatives.

## Jurisdiction and Venue

17. This Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. In addition, the Court has jurisdiction pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) since this action is brought under § 502(a) of the ERISA statute, 29 U.S.C. § 1132(a).

18. This Court has personal jurisdiction over Defendants because, among other reasons, ERISA provides for nationwide service of process, see ERISA § 502(e)(2), 29 U.S.C.

§ 1132(e)(2); and Defendants have continuous and systematic general business contacts with the nation as a whole and with this District in particular.

19. Venue here is proper under ERISA § 502(e), 29 U.S.C. § 1132(e), which provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." Venue is proper here for any or all of the four reasons provided by the statute: (1) the Plans are administered in this District; (2) some or all of the breaches occurred in this District; (3) PwC and/or the Plans "may be found" in this District, and/or (4) PwC and/or the Plans "reside[]" in this District.

**Statement of Facts**

20. Plaintiff Gary Wyatt was employed by Coopers & Lybrand LLP for over 3 years, from October 1987 to approximately February 1991. Immediately after completing service with C&L, Mr. Wyatt went to work for PW. Mr. Wyatt was employed by PW for over 3 years, from approximately February 1991 to July 1994.

21. Plaintiff Dov Frishberg was employed by Coopers & Lybrand LLP for 2½ years, from approximately January 1984 to June 1986. Shortly after completing service with C&L, Dr. Frishberg went to work for PW. He was employed by PW for 4 years, from approximately May 1987 to May 1991.

22. Throughout the time that C&L employed Plaintiff Wyatt and Plaintiff Frishberg, C&L sponsored and maintained the C&L Retirement Plan. Throughout the time that PW employed Plaintiff Wyatt and Plaintiff Frishberg, PW sponsored and maintained the PW Retirement Plan. Throughout the relevant time period, the C&L Retirement Plan and the PW Retirement Plan had a "cliff" vesting schedule that required at least 5 years of service.

5

23. While employed by C&L and PW, both Plaintiffs accrued pension benefits under the C&L Retirement Plan and the PW Retirement Plan, respectively, but neither Plaintiff had sufficient service with C&L or PW to become vested under the terms of the C&L Retirement Plan or the PW Retirement Plan by reference to their service with C&L or PW, respectively.

24. Effective July 1, 1994, PW adopted a second defined benefit pension plan, known as the Retirement Benefit Accumulation Plan for Employees of Price Waterhouse LLP (the "PW RBAP"). Notwithstanding the adoption of the PW RBAP, PW continued to maintain the PW Retirement Plan within the meaning of ERISA § 210(b)(1), 29 U.S.C. 1060(b)(1), IRC § 414(a)(1), until July 1, 1998.

25. On July 1, 1998, PW and C&L were merged to create PwC. From July 1, 1998 to July 1, 1999, PwC, as successor to PW and/or C&L and/or in its own right, maintained all three of the above-referenced three defined benefit pension plan: (1) the PW Retirement Plan; (2) the C&L Retirement Plan; and (3) the PW RBAP.

26. Effective July 1, 1999, PwC merged the PW RBAP into the C&L Retirement Plan and renamed it the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP ("PwC RBAP"). C&L is thus the predecessor employer to PwC with respect to the C&L Retirement Plan, predecessor plan to the PwC RBAP.

27. Since July 1, 1999, PwC has continued to maintain the PwC RBAP both in its own right and as successor to the C&L Retirement Plan.

28. Since July 1, 1999, PwC has continued to maintain the PwC Retirement Plan both in its own right and as successor to the PW Retirement Plan. PW is thus the predecessor

employer to PwC with respect to the PW Retirement Plan, predecessor plan to the PwC Retirement Plan.

29.     Despite the fact that PwC maintains the above-referenced plans of predecessor employers C&L and PW, Defendants do not recognize Plaintiffs' service for C&L and PW as service for PwC, in violation of ERISA § 210(b)(1), 29 U.S.C. § 1060(b)(1).

### Exhaustion

30.     Exhaustion of the Plan's internal claims process, assuming it was and is ERISA-compliant, was and is not required because, for among other reasons, Plaintiffs raise statutory claims involving the interpretation of ERISA, not purely plan-based benefit claims involving an interpretation of any plan.

### Claim for Relief

31.     Plaintiffs repeat and re-allege the allegations contained in all foregoing paragraphs herein.

32.     By not recognizing Plaintiffs' service for C&L and PW as service for PwC, Defendants have caused Plaintiffs to forfeit nonforfeitable accrued benefits in violation of, among other things, ERISA §§ 203(a), 210(b)(1), 29 U.S.C. §§ 1053(a), 1060(b)(1).

### Class Action Allegations

33.     Plaintiffs bring suit on behalf of themselves and on behalf of all other participants and beneficiaries similarly situated under the provisions of Rule 23 of the Federal Rules of Civil Procedure with respect to violations alleged herein. Judicial economy dictates that the issues raised here be resolved in a single action.

34.     The proposed Class is defined as follows:

>All persons (a) who rendered service prior to July 1, 1998 for Coopers & Lybrand LLP or any other employer participating in the former Coopers & Lybrand Retirement Plan ("C&L Retirement Plan") and who participated in and accrued benefits under the C&L Retirement and (b) who also rendered service prior to July 1, 1998 for Price Waterhouse LLP or any other employer participating in the former Retirement Plan for Employees of Price Waterhouse LLP ("PW Retirement Plan") and who participated in and accrued benefits under the PW Retirement Plan; and (c) whose benefits under either the C&L Retirement Plan or the PW Retirement Plan or both were forfeited due to failure to satisfy each individual Plan's respective vesting schedule and (d) whose service per (a) and (b) would, when aggregated, satisfy a vesting schedule valid under ERISA § 203(a)(2)(A), 29 U.S.C. § 1053(a)(2)(A); and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

35. The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a) are satisfied.

36. First, there are too many Class members for joinder of all of them to be practicable. There are hundreds of members of the proposed Class dispersed among many states.

37. Second, there are common questions of law and fact affecting the rights of the members of the proposed Class.

38. Third, the claims of the named Class representatives are typical of the claims of the proposed Class.

39. Fourth and finally, the named representatives will fairly and adequately protect the interests of the proposed Class.

40. Additionally, all of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct

for Defendants and individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties. All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that Defendants' actions affected all Class members in the same manner, making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

## Prayer for Relief

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants and that the Court award the following relief:

A.  Certification of this action as a class action for all purposes of liability and relief and appointment of undersigned counsel as class counsel pursuant to Fed. R. Civ. P. 23.

B.  Judgment for Plaintiffs and the Class against Defendants on all claims expressly asserted and/or within the ambit of this Complaint.

C.  An order awarding, declaring or otherwise providing Plaintiffs and the Class all other such relief to which Plaintiffs and the Class are or may be entitled under ERISA § 502(a), 29 U.S.C. § 1132(a), or any other applicable law, whether or not specified herein.

.   D.  An order awarding pre- and post-judgment interest.

F.  An order awarding attorney's fees on the basis of the common fund doctrine (and/or other applicable law, at Plaintiffs' election), along with the reimbursement of the expenses incurred in connection with this action.

Dated: August 14, 2007                By:

                                          Eli Gottesdiener [EG0111]
                                          Gottesdiener Law Firm, PLLC
                                          498 7th Street
                                          Brooklyn, N.Y. 11215
                                          (718) 788-1500
                                          (718) 788-1650 (facsimile)

                                          *Attorneys for Plaintiffs and the proposed Class*