Karen M. Wahle (KW 0716)
Khuong G. Phan (KP 7014)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY WYATT and DOV FRISHBERG, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS L.L.P., RETIREMENT PLAN OF PRICEWATERHOUSECOOPERS LLP, and RETIREMENT BENEFIT ACCUMULATION PLAN FOR EMPLOYEES OF PRICEWATERHOUSECOOPERS LLP,<br><br>Defendants. | Civil Action No. 07 Civ. 7249<br>(ECF Matter)<br><br>Judge Harold Baer |

**DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendants PricewaterhouseCoopers L.L.P. ("PwC"), Retirement Plan for Employees of PricewaterhouseCoopers L.L.P. ("PwC Retirement Plan"), and Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers L.L.P. ("PwC RBAP"), in answer to Plaintiffs' Class Action Complaint ("Complaint") in this matter, hereby, admit, deny, and assert as follows:

**GENERAL DENIAL**

Except as otherwise expressly recognized herein, Defendants deny each and every allegation in the Complaint, including, without limitation, any allegations contained in headings and subheadings of the Complaint, and specifically deny any liability to Plaintiffs. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Defendants expressly reserve the right to seek to amend and/or supplement their Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

### Nature of the Action

1. Admit that Plaintiffs purport to bring this action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, but deny that Plaintiffs are entitled to any relief. Deny each and every remaining allegation in paragraph 1 of the Complaint.

2. Admit that Plaintiffs are former employees of Coopers & Lybrand LLP ("C&L") and of Price Waterhouse LLP ("PW") prior to the merger of those two firms in July 1998 to form PwC. Admit that Plaintiffs accrued benefits under certain pension plans sponsored by C&L and PW, respectively, during their employment with those companies, and that Plaintiffs' benefits under those plans were forfeited because they failed to satisfy the vesting requirements under the terms of those plans. Admit that PwC was the plan sponsor for the foregoing plans from July 1, 1998 to July 1, 1999, when those plans were merged with certain other pension plans sponsored by PwC. Deny each and every remaining allegation in paragraph 2 of the Complaint.

3. Assert that the allegations in paragraph 3 of the Complaint call for legal conclusions to which no response is required, and that the cited statutory provisions speak for themselves.

4.	Deny the allegations in paragraph 4 of the Complaint.

## The Parties

5.	Admit that Plaintiff Wyatt is a former employee of C&L and of PW. Assert that they are without knowledge or information sufficient to form a belief as to Plaintiff Wyatt's age and therefore deny the same. Deny each and every remaining allegation in paragraph 5 of the Complaint.

6.	Admit that Plaintiff Wyatt was a participant in the Coopers & Lybrand LLP Retirement Plan ("C&L Retirement Plan) during his employment with C&L. Deny that he is currently a participant in the C&L Retirement Plan. Admit that the C&L Retirement Plan merged with the PwC RBAP in July 1999, and that the merged plan was renamed as the PwC RBAP. Deny each and every remaining allegation in paragraph 6 of the Complaint.

7.	Admit that Plaintiff Wyatt was a participant in the Retirement Plan for Employees of Price Waterhouse LLP ("PW Retirement Plan") during his employment with PW. Deny that he is a current participant in the PW Retirement Plan. Admit that the PW Retirement Plan has been renamed the PwC Retirement Plan. Deny each and every remaining allegation in paragraph 7 of the Complaint.

8.	Assert that they are without knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 8 of the Complaint and therefore deny the same. Admit that Plaintiff Frishberg is a former employee of C&L and of PW. Deny each and every remaining allegation in paragraph 8 of the Complaint.

9.	Admit that PwC is a Delaware limited liability partnership with corporate headquarters at 300 Madison Avenue, New York, New York 10017. Admit that PwC was formed in July 1998 from the merger of PW and C&L. Deny each and every remaining

allegation in paragraph 9 of the Complaint.

10. Admit that PwC is the plan sponsor for the PwC RBAP and the PwC Retirement Plan. Deny each and every remaining allegation in paragraph 10 of the Complaint.

11. Admit that PwC is the plan sponsor for the PwC RBAP and the PwC Retirement Plan, but deny that the referenced statutory provisions provide any support for Plaintiffs' claim for benefits under the PwC RBAP and/or PW Retirement Plan in this case. Deny each and every remaining allegation in paragraph 11 of the Complaint.

12. Admit that the PwC Retirement Plan is an "employee pension benefit plan" and "defined benefit plan" under the referenced ERISA provisions, and a "pension plan" under the referenced Internal Revenue Code ("Code") provisions and Treasury Regulations. Deny each and every remaining allegation in paragraph 12 of the Complaint.

13. Deny each and every allegation in paragraph 13 of the Complaint. Further assert that the PW Retirement Plan merged with the PwC Retirement Plan in July 1999, and that the merged plan was renamed as the PwC Retirement Plan.

14. Admit that the PwC RBAP is an "employee pension benefit plan" and "defined benefit plan" under the referenced ERISA provisions, and a "pension plan" under the referenced Code provisions and Treasury Regulations. Deny each and every remaining allegation in paragraph 14 of the Complaint.

15. Deny each and every allegation in paragraph 15 of the Complaint. Further assert that the C&L Retirement Plan merged with the PwC RBAP in July 1999, and that the merged plan was renamed as the PwC RBAP.

16. Admit that Plaintiffs purport to define the term "Defendants" as alleged in paragraph 16 of the Complaint, but deny that any person or entity not expressly named as a

4

defendant is a party to this action.

## Jurisdiction and Venue

17. Admit that this Court has subject matter jurisdiction over this action. Deny each and every remaining allegation in paragraph 17 of the Complaint.

18. Admit that this Court has personal jurisdiction over Defendants in this action. Deny each and every remaining allegation in paragraph 18 of the Complaint.

19. Admit that venue is proper in this district. Deny each and every remaining allegation in paragraph 19 of the Complaint.

## Statement of Facts

20. Admit that Plaintiff Wyatt was employed by C&L from October 16, 1987 to September 20, 1991, and that he was employed by PW from October 1, 1991 to November 29, 1994. Deny each and every remaining allegation in paragraph 20 of the Complaint.

21. Admit that Plaintiff Frishberg was employed by C&L from January 1, 1984 to March 7, 1986, and that he was employed by PW from May 18, 1987 to May 17, 1991. Deny each and every remaining allegation in paragraph 21 of the Complaint.

22. Admit that C&L was the plan sponsor for the C&L Retirement Plan during Plaintiffs Wyatt and Frishberg's respective terms of employment with C&L. Admit that PW was the plan sponsor for the PW Retirement Plan during Plaintiffs Wyatt and Frishberg's respective terms of employment with PW. With respect to the allegations in the last sentence of paragraph 22 of the Complaint, Defendants refer to the C&L Retirement Plan and the PW Retirement Plan, which are the best evidence of their own contents and speak for themselves. Deny each and every remaining allegation in paragraph 22.

23. Admit that Plaintiffs accrued benefits under the C&L Retirement Plan during their

5

employment with C&L, and that they accrued benefits under the PW Retirement Plan during their employment with PW. Admit that Plaintiffs failed to satisfy the vesting requirements under the terms of each of those plans. Deny each and every remaining allegation in paragraph 23 of the Complaint.

24.     Admit that PW established the Retirement Benefit Accumulation Plan for Employees of Price Waterhouse LLP ("PW RBAP") effective July 1, 1994. Admit that PW was the plan sponsor for the PW Retirement Plan until July 1, 1998, but deny that the referenced statutory provisions provide any support for Plaintiffs' claim for benefits under the PwC RBAP and/or PW Retirement Plan in this case. Deny each and every remaining allegation in paragraph 24 of the Complaint.

25.     Admit that PwC was formed by the merger of PW and C&L on July 1, 1998. Admit that from July 1, 1998 to July 1, 1999, PwC was the plan sponsor for the PW Retirement Plan, the C&L Retirement Plan, and the PW RBAP. Deny each and every remaining allegation in paragraph 25 of the Complaint.

26.     Admit that PwC adopted the PW RBAP as the PwC RBAP effective July 1, 1998. Admit that the PwC RBAP merged with the C&L Retirement Plan effective July 1, 1999, and that the merged plan was renamed as the PwC RBAP. Deny each and every remaining allegation in paragraph 26 of the Complaint.

27.     Admit that PwC has been the plan sponsor for the PwC RBAP since July 1, 1999. Deny each and every remaining allegation in paragraph 27 of the Complaint.

28.     Admit that PwC has been the plan sponsor for the PwC Retirement Plan since July 1, 1999. Deny each and every remaining allegation in paragraph 28 of the Complaint.

29.     Deny the allegations in paragraph 29 of the Complaint.

### Exhaustion

30. Deny the allegations in paragraph 30 of the Complaint.

### Claim for Relief

31. Repeat the foregoing responses in paragraphs 1-30 above.

32. Deny the allegations in paragraph 32 of the Complaint.

### Class Action Allegations

33. Admit that Plaintiffs purport to bring this action on behalf of a putative class of certain similarly situated individuals pursuant to Fed. R. Civ. P. 23. Deny each and every remaining allegation in paragraph 33 of the Complaint.

34. Admit that Plaintiffs purport to define the putative class as alleged in paragraph 34 of the Complaint. Deny each and every remaining allegation in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny the allegations in paragraph 38 of the Complaint.

39. Deny the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

### Prayer for Relief

41. Deny that Plaintiffs are entitled to any relief sought in paragraphs A through F.

### **DEFENSES**

As and for their defenses to all causes of action purported to be set forth against them in the Complaint, Defendants assert as follows:

**FIRST DEFENSE**

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. Plaintiffs lack standing to assert any claim in this action.

**THIRD DEFENSE**

3. Plaintiffs seek relief not authorized under ERISA.

**FOURTH DEFENSE**

4. Plaintiffs' claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

5. Plaintiffs failed to exhaust their administrative remedies under the applicable plans.

**SIXTH DEFENSE**

6. Plaintiffs are not entitled to the benefits sought because the requisite conditions precedent for entitlement of such benefits have not been satisfied.

**SEVENTH DEFENSE**

7. Plaintiffs' claims are barred by the doctrines of waiver and release.

**EIGHTH DEFENSE**

8. Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

**NINTH DEFENSE**

9. Any recovery awarded to Plaintiffs should be limited, in whole or in part, to the extent that they failed to mitigate any purported damages.

## TENTH DEFENSE

10. Plaintiffs have not suffered any loss or injury cased by the Defendants.

WHEREFORE, the Defendants request that this Court

(1) dismiss all claims in the Complaint with prejudice;

(2) award the Defendants reasonable costs and attorney's fees incurred in this action; and

(3) award such further relief as is just and equitable.

Dated: October 1, 2007

/s/ Karen M. Wahle
Karen M. Wahle (KW 0716)
Khuong G. Phan (KP 7014)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for Defendants*